1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7 GREGORY DANAHER,                                     )
                                                      )      Case No. 2:13-cv-00289-RCJ-NJK
8                           Plaintiff,                 )
                                                      )      **ORDER**
9 vs.                                                 )
                                                      )      (IFP App - Dkt. #3)
10 NORTHSTAR LOCATION SERVICES, et al                 )
                                                      )
11                          Defendants.               )
   _____        )

12

13        Plaintiff Gregory Danaher is proceeding in this action pro se, has requested authority pursuant to

14 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. # 1) on February 22,

15 2013. This proceeding was referred to this court by Local Rule IB 1-9.

16 **I.      In Forma Pauperis Application**

17        Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and

18 costs or give security for them. Docket No. 3. Accordingly, the request to proceed in forma pauperis will

19 be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

20 **II.     Screening the Complaint**

21        Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint

22 pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally

23 "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief

24 from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a

25 complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as

26 to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not

27 be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

28 //

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

2    failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling

3    on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A

4    properly pled complaint must provide a short and plain statement of the claim showing that the pleader is

5    entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6    Although Rule 8 does not require detailed factual allegations, it demands "more than labels and

7    conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.

8    662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all

9    well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal

10   conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by

11   conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not

12   crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at

13   570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by

14   lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro*

15   *se* pleadings is required after *Twombly* and *Iqbal*).

16        **A.     Federal Question Jurisdiction**

17        Federal courts are courts of limited jurisdiction and possess only that power authorized by the

18   Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1331,

19   federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or

20   treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause

21   of action or where the vindication of a right under state law necessarily turns on the construction of federal

22   law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal

23   -question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal

24   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

25   complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

26        Plaintiff's suit here is for damages for violations of the Fair Debt Collection Practices Act

27   ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Claims under this statute invoke the Court's federal jurisdiction.

28   //

**B.     FDCPA Claim**

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim.  The FDCPA requires a "debt collector, who receives from a consumer written notice disputing a debt, to cease collection of the debt directly from the consumer until it has obtained either verification of the debt or judgment and provided it to the consumer." *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).[1]

Plaintiff alleges that Defendant is a "debt collector." *See, e.g.*, Compl. ¶¶ 7-8, 23-26.  Plaintiff alleges that he sent Defendant a letter on September 28, 2012, requesting validation of the alleged debt. *See* Compl. ¶ 21.  Plaintiff further alleges that he did not receive a written validation from Defendant, *see* Compl. ¶ 22, but that Defendant continued to attempt to collect on that debt despite receiving the written request in violation of 15 U.S.C. § 1692g(b). *See* Compl. ¶¶ 12B-12F, 23-28.  Hence, at the very least, Plaintiff has stated a claim under 15 U.S.C. § 1692g(b).[2]

**III.     CONCLUSION**

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1.     Plaintiff's request to proceed in forma pauperis is **GRANTED**.  Plaintiff shall not be required to pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

//

---

[1]   "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

[2]   Because the Court finds that Plaintiff states a claim under 15 U.S.C. § 1692g(b), it does not address whether additional aspects of the complaint are actionable under the FDCPA.

3

2.    The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

3.    From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated: June 3, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4