GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
702-490-0085

2011 FEB 22  P 12: 30

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY DANAHER, | ) | |
| | ) | |
| PLAINTIFF, | ) | 2:13-cv-00289-RCJ-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHSTAR LOCATION SERVICES, | ) | **COMPLAINT** |
| LLC., and MARYANN ROMANOWSKI | ) | |
| of NORTHSTAR LOCATION SERVICES, | ) | |
| and LINDA LEISING of NORTHSTAR | ) | |
| LOCATION SERVICES, | ) | |
| | ) | |
| DEFENDANTS | ) | |

GREGORY DANAHER ("Plaintiff") hereby complains against the above-named

Defendants as follows:

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for

Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.*

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive and unfair practices.

2.      Upon belief and information, Plaintiff contends that many of these

practices are widespread for the Defendant NORTHSTAR LOCATION SERVICES,

LLC. Plaintiff intends to propound discovery to Defendant identifying these other

individuals who have suffered similar violations.

3.      Plaintiff also intends to propound discovery of documents, records and

contracts to corroborate facts and prove the allegations herein.

Page 1 of 7

## II. JURISDICTION

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).   Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5.      Plaintiff is a natural person and is a resident of Clark County, Nevada.

6.      Plaintiff is a "consumer" within the meaning of the FDCPA 15 U.S.C § 1692a(6).

7.      Defendant NORTHSTAR LOCATION SERVICES, is a Cheektowaga, New York based company engaged in the business of collecting debts, alleged to be due another, through the mail and telephone.

8.      Defendant NORTHSTAR LOCATION SERVICES, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

9.      Defendant MARYANN ROMANOWSKI is an employee of NORTHSTAR LOCATION SERVICES, a debt collection company.

10.      Defendant LINDA LEISING is an employee of NORTHSTAR LOCATION SERVICES, a debt collection company.

11.      All conditions precedent to the bringing of this action have been performed, waived or excused.

## IV. FACTUAL ALLEGATIONS

12.      Prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff attempting to collect

an alleged debt. Defendant's conduct violated the FDCPA in the following ways, including but not limited to;

      A.      Failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g either in an initial communication with Plaintiff or in writing within 5 days thereof. § 1692g;

      B.      Attempting to collect an alleged debt from Plaintiff on the 8th day of October, 2012, without first validating the alleged debt, after receiving a written request for validation from Plaintiff on the 1st day of October, 2012. § 1692g(B).

      C.      Attempting to collect an alleged debt from Plaintiff on the 22nd day of October, 2012, without first validating the alleged debt, after receiving a written request for validation from Plaintiff on the 1st day of October, 2012. § 1692g(B).

      D.      Attempting to collect an alleged debt from Plaintiff on the 13th day of February, 2012, without first validating the alleged debt, after receiving a written request for validation from Plaintiff on the 1st day of October, 2012. § 1692g(B).

      E.      Attempting to collect an alleged debt from Plaintiff on the 14th day of February, 2013, without first validating the alleged debt, after receiving a written request for validation from Plaintiff on the 1st day of October, 2012. § 1692g(B).

      F.      Attempting to collect an alleged debt from Plaintiff on the 15th day of February, 2013, without first validating the alleged debt, after receiving a written request for validation from Plaintiff on the 1st day of October, 2012. § 1692g(B).

      13.      The foregoing violations are based upon the Defendants acts and omissions regarding attempts to collect a debt allegedly owed by Plaintiff.

      14.      Plaintiff has no account with Defendant according to 15 USC § 1692a(5).

15.    On the 30th day of August, 2012, Plaintiff discovered through studying his consumer credit report furnished by TRANSUNION, that Defendant had obtained Plaintiff's consumer credit report on the 6th of June, 2012.

16.    Plaintiff alleges that Defendant's conduct of obtaining Plaintiff's consumer report was an initial communication with Plaintiff according to 15 USC § 1692a(2), which states: "The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

17.    While Plaintiff was reviewing his TRANSUNION consumer report on the 30th day of August, 2012, Plaintiff first discovered the communication by viewing Defendants company abbreviation "NORTHSTAR LO" and date "06/07/2012" under the heading "CREDIT INQUIRIES".

18.    Plaintiff further investigated and discovered that NORTHSTAR LOCATION SERVICES was a debt collector.

19.    After researching the reasons why debt collectors obtain credit reports on potential accounts, Plaintiff became aware that Defendant pulled his credit to determine the potential for Plaintiff to pay an alleged debt.

20.    Following this information Plaintiff found out that NORTHSTAR LOCATION SERVICES had obtained the consumer report without Plaintiff's permission and had violated certain laws.

21.    Within the thirty days of initial communication described in the above paragraphs, on the 28th day of September, 2012, Plaintiff sent written request for validation of the alleged debt Defendant was attempting to collect via registered US Postal Service certified mail, which receipt number is 7012-1010-0000-4453-3036.

22.     Plaintiff did not receive within the time frame allowed, a validation of the debt from Defendant and/or the notices required by § 1692g(A) which states: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice...".

23.     On the 8th day of October, 2012, Plaintiff received a letter from Defendant stating, "this communication is from a professional debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." in violation of § 1692g(B), which states: "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.".

24.     On the 22nd day of October, 2012, Plaintiff received a letter from Defendant stating, "This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." in violation of § 1692g(B).

25.     On the 13th day of February, 2013, Plaintiff was told over the telephone by an unnamed NORTHSTAR LOCATION SERVICES employee that "the telephone call was being recorded and this communication is from a debt collector. This is an attempt to

collect a debt. Any information obtained will be used for that purpose." in violation of §
1692g(B).

26.     On the 14th day of February, 2013, Plaintiff received an email from a
NORTHSTAR LOCATION SERVICES employee named Maryann Romanowski, which
stated: "this communication is from a professional debt collector. This is an attempt to
collect a debt. Any information obtained will be used for that purpose." in violation of §
1692g(B).

27.     On the 15th day of February, 2013, At the direction of Maryann
Romanowski, Plaintiff telephoned Linda Leising to inform her of the violations.

28.     During the telephone call with Linda Leising, she stated: "this
communication is from a professional debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose" in violation of § 1692g(B).

29.     Plaintiff contacted Defendant prior to the filing of this complaint several
times in attempts to mediate the matters at hand to avoid litigation.

30.     Defendant did not respond to Plaintiff after Plaintiff made Defendant
aware of Plaintiff's intention to seek remedy in a court of law if Defendant did not
respond.

31.     Plaintiff is informed and believes and therefore alleges that Plaintiff may
have suffered damages in other ways and to other extents not presently known to Plaintiff
and not specifically stated herein. Plaintiff reserves the right to assert additional facts and
damages not referenced herein, and/or to present evidence of the same at the time of trial.

## COUNT I: VIOLATIONS OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

32.     Plaintiff reincorporates by reference all of the preceding paragraphs.

33. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

34. The Defendant's conduct as alleged herein was reckless, willful, knowing, intentional, oppressive, and done in reckless disregard of the privacy rights of Plaintiff, thereby warranting the imposition of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;

2. Actual damages;

3. Statutory damages;

4. Punitive damages;

5. Costs and reasonable attorney's fees; and,

6. Such other and further relief as may be just and proper.

### JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), 42 U.S.C. § 1981a(c)(1), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 22nd day of February, 2013.

Respectfully submitted,

By: _____

GREGORY DANAHER
7901 Quill Gordon Ave
Las Vegas, NV 89149
702-490-0085